# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

**UNITED STATES**

**v.**

**Staff Sergeant KEVIN W. BARNES**
**United States Air Force**

**ACM 38720**

**27 April 2016**

Sentence adjudged 21 June 2014 by GCM convened at Luke Air Force Base, Arizona.  Military Judge:  Matthew P. Stoffel.

Approved Sentence:  Dishonorable discharge, confinement for 25 years, and reduction to E-1.

Appellate Counsel for Appellant:  Major Thomas A. Smith; Major Jeffrey A. Davis; and William E. Cassara (civilian).

Appellate Counsel for the United States:  Major Meredith L. Steer; Major Mary Ellen Payne; Captain J. Ronald Steelman III; and Gerald R. Bruce, Esquire.

Before

ALLRED, TELLER, and ZIMMERMAN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

ALLRED, Chief Judge:

Appellant was tried at a general court-martial by military judge alone.  Contrary to his plea, he was found guilty of sodomy with a child in violation of Article 125, UCMJ, 10 U.S.C. § 925.  Appellant was found not guilty of assault consummated by a battery, in violation of Article 128, UCMJ, 10 U.S.C. § 928.  The adjudged sentence was a dishonorable discharge, confinement for 25 years, forfeiture of all pay and allowances, and

reduction to the grade of E-1. The convening authority approved the adjudged sentence except for the forfeiture of pay and allowances.[1]

On appeal, Appellant contends: (1) the evidence is factually insufficient to sustain his conviction of sodomy with a child, (2) the military judge improperly admitted a video recording from a forensic interview with the alleged victim, (3) the military judge improperly admitted out-of-court statements by the alleged victim, (4) the military judge improperly refused to admit the entirety of a pretext phone call between Appellant and his wife, (5) the military judge improperly refused to compel production of notes made by a government paralegal, and (6) the military judge improperly admitted testimony of Appellant's interest in oral sex. We disagree and affirm the findings and sentence.

*Background*

The victim in this case was born in 2008. Her parents were not married and lived together for some months after her birth, before separating. Due to her parents' difficulties in providing care, the victim began living with her great-grandmother a few months after she was born. The victim's mother eventually became reacquainted with Appellant, with whom she had been friends in high school. She and Appellant married in September 2010. In February 2012, when the victim was about three-and-a-half years old, she moved out of her great-grandmother's home and began living with her mother and Appellant. In time, the victim began calling Appellant "Daddy Kevin."

On 22 May 2013—a few months before her fifth birthday—the victim returned to visit her great-grandmother. As the victim entered the home, their interaction proceeded essentially as follows: The victim greeted her great-grandmother with a hug and said, "Nana, I love you." The great-grandmother answered, "I love you too, honey." The victim then placed her face in her great-grandmother's crotch in such a way as to take her aback. The great-grandmother said, "Honey, you don't do that. That's not nice." The victim replied, "Daddy Kevin does it." The great-grandmother then asked, "Daddy Kevin puts his face in your privates?" The victim answered, "No, he has me put my face in his privates and tells me to suck it like a Popsicle."

This encounter led to the investigation and court-martial of Appellant in the present case. From the initial disclosure to her great-grandmother through the trial of this case, the victim has firmly maintained that Appellant repeatedly caused her to perform oral sex upon him in the bathroom of the home where they were living. Further facts necessary to address the assignments of error are provided below.

---

[1] The court-martial order (CMO) contains minor errors. Under the Specification of Charge I, the word "about" is missing—it should follow the words "between on or." And, under Charge II, the word "Specification" should replace "Specification 2." We order promulgation of a corrected CMO.

*I. Factual and Legal Sufficiency*

Appellant first argues that the evidence is factually insufficient to sustain his conviction. We review issues of factual and legal sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).

The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of the [appellant]'s guilt beyond a reasonable doubt." *United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F. 2000) (quoting *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987)). In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington,* 57 M.J. at 399.

"The test for legal sufficiency of the evidence is 'whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt.'" *Turner*, 25 M.J. at 324, *as quoted in United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002). The term reasonable doubt does not mean that the evidence must be free from conflict. *United States v. Lips,* 22 M.J. 679, 684 (A.F.C.M.R. 1986). "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001). Our assessment of legal and factual sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993).

To establish the crime of sodomy with a child under the age of 12 years, the Government must prove beyond a reasonable doubt: (1) that the accused engaged in unnatural carnal copulation with a certain other person; and (2) that the act was done with a child under the age of 12. *Manual for Courts-Martial, United States* (*MCM*)*, pt. IV, ¶ 51.b. (2012 ed.). Unnatural carnal copulation means "to take into that person's mouth or anus the sexual organ of another person or of an animal; or to place that person's sexual organ in the mouth or anus of another person or of an animal." *MCM*, pt. IV, ¶ 51.c.

We have carefully considered the record of trial in this case, along with the parties' arguments regarding the evidence. In doing so, we have paid particular attention to Appellant's claims that the victim was—for a host of reasons—not a credible witness and should not be believed. Nevertheless, viewing the evidence in the light most favorable to the Government, we find it legally sufficient to sustain the conviction. Moreover, we are ourselves satisfied that the victim did indeed suffer the sexual abuse she described, and that Appellant was in fact the perpetrator of that abuse. Making allowances for not having observed the witnesses directly, and applying neither a presumption of innocence nor a presumption of guilt, we are convinced of Appellant's guilt beyond a reasonable doubt.

*II. Admission of Forensic Interview*

Over defense objection, the military judge admitted Prosecution Exhibit 7, a video containing portions of a forensic interview of the victim. The exhibit contained no audio and showed four short clips of the victim making different gestures during the interview. The total length of the video was 29 seconds. In court, the Government's forensic psychologist, who did not conduct the interview in question, referred to the exhibit and opined that the victim was simulating oral sex in the video clips. She further opined that it was very rare for a child the victim's age to have knowledge of oral sex.

Trial defense counsel argued the video was not admissible because it "bolstered" victim's testimony, was hearsay, and violated Mil. R. Evid. 403. On appeal, Appellant renews these objections and also argues Prosecution Exhibit 7 should not have been admitted because it was unauthenticated and was insufficient to constitute evidence of age-inappropriate knowledge.

We review a military judge's ruling on the admissibility of evidence for an abuse of discretion. *United States v. Ediger*, 68 M.J. 243, 248 (C.A.A.F. 2010). "The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. The challenged action must be arbitrary, fanciful, clearly unreasonable, or clearly erroneous." *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010) (quoting *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010)). In those instances where trial defense counsel did not object to the admission of evidence at trial we will review the military judge's decision to admit evidence for plain error. *United States v. Hardison*, 64 M.J. 279, 281 (C.A.A.F. 2007). Plain error requires that "(1) an error was committed; (2) it was plain, or clear, or obvious; and (3) the error resulted in material prejudice to substantial rights." *Id.* The burden is on the appellant to persuade the court that the three prongs of the plain error test have been satisfied. *Id.* Where trial defense counsel objects to the admissibility of evidence on one ground at trial and a different ground on appeal, the new objection on appeal is reviewed under the plain error analysis. *See United States v. Greska*, 65 M.J. 835, 844 (A.F. Ct. Crim. App. 2007) (reviewing the admission of an exhibit under both an abuse of discretion and plain error for two objections—one made at trial and one made on appeal).

*A. Bolstering*

Appellant argues that Mil. R. Evid. 608 prohibited the Government from introducing Prosecution Exhibit 7 to "bolster" the victim's testimony, because the victim's credibility had not been sufficiently attacked. Appellant's reliance on Mil. R. Evid. 608 is misplaced.

Mil. R. Evid. 608 is a relatively narrow rule. It sets forth parameters for introducing and rebutting a witness's "character for truthfulness or untruthfulness"—along with impeachment through evidence of "[b]ias, prejudice, or any motive to misrepresent." Mil. R. Evid. 608(c). Contrary to Appellant's suggestion, Mil. R. Evid. 608 does not purport to restrict the generalized "bolstering" of victim's testimony that occurs when the Government endeavors to prove—by means other than character for truthfulness—an accused's guilt "by legal and competent evidence beyond a reasonable doubt." *See* Rule for Courts-Martial (R.C.M.) 920(e)(5)(A).

In the present case, Prosecution Exhibit 7 did not pertain to the victim's character for truthfulness or untruthfulness; and Mil. R. Evid. 608 was not invoked. The Government appears to have offered the exhibit for the sole—and relevant—purpose of demonstrating that the victim had age-inappropriate knowledge. As Mil. R. Evid. 608 is not implicated in this case, the trial judge did not abuse his discretion by overruling trial defense counsel's objection to Prosecution Exhibit 7 on this basis.

*B. Hearsay*

Appellant argues also that Prosecution Exhibit 7 was impermissible hearsay. Hearsay is generally not admissible. Mil. R. Evid. 802. Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, *offered in evidence to prove the truth of the matter asserted.*" Mil. R. Evid. 801(c) (emphasis added). Hearsay can arise from "nonverbal conduct of a person, if it is intended by the person as an assertion." Mil. R. Evid. 801(a).

In response to questions during the forensic interview, the victim demonstrated for the examiner what Appellant made her do to him. The Government, however, offered the exhibit not to prove the truth of any matter asserted by the victim, but to show that she had age-inappropriate knowledge. In overruling the defense hearsay objection to Prosecution Exhibit 7, the military judge emphasized that it was not "being offered for the truth of the matter asserted" and the court would consider it "only as evidence of potential age-inappropriate sexual behavior." The victim herself never asserted that she possessed age-inappropriate knowledge and, as Prosecution Exhibit 7 was neither offered nor admitted to prove the truth of the matter asserted by the victim, the video was not hearsay. The judge did not err in overruling trial defense counsel's hearsay objection.

*C. Unfair Prejudice*

Appellant also argues he was unfairly prejudiced by the admission of Prosecution Exhibit 7. He concedes, however, that the Government could have had its forensic psychologist testify regarding the victim's age-inappropriate knowledge without the video. According to Appellant, the Government "chose to place [videos of the victim] in front of the fact finder purportedly re-enacting the abuse to bolster her credibility and to allow the

fact finder to imagine her as a victim." He further claims that the harm was exacerbated when the Government's forensic psychologist testified about the video.

Mil. R. Evid. 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. In admitting Prosecution Exhibit 7, the military judge conducted a Mil. R. Evid. 403 balancing test, stating:

> [T]he probative value of the evidence in Prosecution Exhibit 7 is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, waste of time or for any of those reasons. The information in Prosecution Exhibit 7 is probative, especially when combined with [the forensic psychologist]'s testimony, and the context in which [the forensic psychologist]'s testimony was used in connection with the contents of Prosecution Exhibit 7 significantly diminished any danger of unfair prejudice or confusion in the mind of the court.

Because trial defense counsel objected on Mil. R. Evid. 403 grounds at trial the ruling is reviewed for an abuse of discretion. *See United States v. Clayton*, 67 M.J. 283, 286 (C.A.A.F. 2009). We agree with the military judge that the video has probative value in showing that the victim had knowledge of oral sex. We find that the probative value was not substantially outweighed by the danger of unfair prejudice or other Mil. R. Evid. 403 concerns. By the time the Government offered Prosecution Exhibit 7, the victim had already testified that Appellant made her perform oral sex on him. The testimony from the Government's forensic psychologist was not dependent on Prosecution Exhibit 7. The video lasted only 29 seconds and was not particularly inflammatory or graphic. This was a trial by military judge alone where any "danger of unfair prejudice" was greatly diminished, because a "military judge is presumed to know the law and apply it correctly." *See United States v. Robbins*, 52 M.J. 455, 457 (C.A.A.F. 2000). We find the judge did not abuse his discretion with regard to his Mil. R. Evid. 403 ruling.

*D. Authentication*

Trial defense counsel did not object to the authentication of Prosecution Exhibit 7 at trial. Now on appeal, Appellant argues that because the Government did not properly authenticate the exhibit its admission amounted to plain error.

Mil. R. Evid. 901 states that, to authenticate evidence, the proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Our superior court has held that failure to object to the admission of evidence on

authentication grounds waives the issue. *United States v. Ayers*, 54 M.J. 85, 91 (C.A.A.F. 2000) (finding the appellant waived authentication issue for not raising the issue at trial); *United States v. Evans,* 45 C.M.R. 353, 355 (C.M.A. 1972) (finding waiver of authentication where trial defense counsel twice failed to object to the admission of evidence at trial); *see also* Mil. R. Evid. 103(a)(1).

Appellant argues that authentication is forfeited absent plain error rather than waived. We recognize that military courts have not consistently distinguished between "waiver" and "forfeiture." *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009). A forfeited right is reviewed for plain error while an intentional waiver cannot be raised on appeal. *Id.*

We note that our superior court did not afford the appellant the benefit of a plain error analysis in either *Ayers* or *Evans* cited above. However, even applying a plain error analysis in the present case, we would not find error. Government trial counsel asserted—without challenge from the Defense—that Prosecution Exhibit 7 depicted a forensic interview of the victim. Having reviewed Prosecution Exhibit 7 and all other evidence in the record, we are convinced that the item is what the proponent claimed it to be. *See* Mil. R. Evid. 901. We do not find error, plain or otherwise.

*E. Evidence of Age-Inappropriate Knowledge*

Appellant argues further that "Prosecution Exhibit 7 was inadmissible because without audio there was no way for . . . anyone . . . to determine whether the conduct in the video was or was not 'age-appropriate.'" He argues, among other things, that the victim could have merely been following the directions of the interviewer. We find that Appellant's argument goes to the weight of the evidence rather than its admissibility. The mere fact that evidence can be interpreted in multiple ways is not a bar to its admission. *See People v. Anderson,* 152 Cal. App. 4th 919, 931 (Cal. App. 3d Dist. 2007) (stating that circumstantial evidence does not stand on its own but requires the factfinder to draw reasonable inferences). We find Prosecution Exhibit 7 relevant to and probative of the charge of sodomy with a child. We find no error, plain or otherwise, in the judge's admitting and considering Prosecution Exhibit 7 as evidence of age-inappropriate knowledge on the part of the victim regarding oral sex.

*III. Out of Court Statements by the Victim*

In presenting its case at trial, the Government followed the not uncommon practice of establishing through witnesses how criminal allegations came to light and were investigated. In doing so, the Government called the victim's great-grandmother who described her initial abuse complaint along with their bringing the matter to police authorities. Similarly, the Government called a civilian policeman, Officer JR, who described the allegation he received and how the police responded. On appeal, Appellant

argues that admitting the victim's statements to the great-grandmother and Officer JR was error because they were hearsay. Appellant also contends the evidence was irrelevant and that its probative value was substantially outweighed by the danger of unfair prejudice. We disagree.

In her testimony at trial, the great-grandmother began to describe what the victim told her when she first brought allegations against Appellant to light. Trial defense counsel objected on grounds of hearsay. Government counsel responded that the initial disclosure was offered for its "effect on the listener" and because it "leads to every step that's taken afterwards." The military judge then ruled, "I'll consider it for its effect on the listener; overruled." After this, the great-grandmother explained what the victim said Appellant had done to her, and she described the actions she took as a result of the victim's disclosure.

Likewise, when Officer JR testified, the Government asked him to describe how his investigation of Appellant began and proceeded. Officer JR started to explain what the great-grandmother reported to him. The Defense objected that this was hearsay. The Government replied that testimony was offered only for its effect on the listener. The judge then ruled that he would consider the statements for "purposes of effect on the listener." At the conclusion of Officer JR's testimony, the military judge emphasized:

> Counsel, just out of an abundance of caution, so it's clear for the record, the objection is overruled on the basis of effect on the listener. The court interprets that as not being offered for the truth of the matter asserted. The court does not consider it as substantive evidence, merely to show what steps were taken by the testifying witnesses.

Later, during closing argument, Government trial counsel began to repeat what the victim had told her great-grandmother. The Defense objected, noting that the statements had been admitted only for their effect on the listener. The judge responded, "I understand it and I understand that trial counsel is describing the effect that it had on [the great-grandmother]; that she heard such things and that's how the court is using the information."

In addressing this assignment of error (AOE), we adopt the case law and other legal authority cited above. We are satisfied that the military judge knew and properly applied the rules of hearsay and relevancy. *See Robbins*, 52 M.J. at 457. We find that the challenged testimony was not hearsay, as it was not offered for the truth of any matter asserted. *See* Mil. R. Evid. 801(c). We find also that the testimony was relevant in explaining why police were contacted and how their investigation proceeded, and the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice or other concern under Mil. R. Evid. 403. *See* United States v. Swift, 2016

CCA LEXIS 26, *7-8 (Army Ct. Crim. App. 21 January 2016) (finding that the victim's statement was admitted for its effect on the listener, and properly offered to show why protective services were contacted and how the investigation ensued).

*IV. Partial Exclusion of Pretext Phone Call*

Under the guidance of police investigators, the victim's mother called Appellant on his cell phone and confronted him about the victim's allegations of sexual abuse. During the 23 minute phone call, Appellant continuously denied the allegations. At trial, defense counsel sought to admit the entire pretext phone call. The primary theory of admission was that of excited utterance by Appellant. The Defense also sought to admit the phone call as a present sense impression and as a statement of then-existing mental or emotional condition. Of the 23-minute phone call, the military judge admitted 60 seconds of Appellant's statements immediately following initial confrontation. Appellant argues the military judge erred by not admitting the entire call.

Mil. R. Evid. 803 states, in pertinent part

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> (1) *Present Sense Impression.* A statement describing or explaining an event or condition, made while or immediately after the declarant was perceived it.
>
> (2) *Excited Utterance.* A statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused.
>
> (3) *Then-Existing Mental, Emotional, or Physical Condition.* A statement of the declarant's then-existing state of mind . . . or emotional, sensory, or physical condition . . . .

The admissibility of an excited utterance is based on the premise "that a person who reacts to a startling event or condition while under the stress of excitement caused thereby will speak truthfully because of a lack of opportunity to fabricate." *United States v. Jones*, 30 M.J. 127, 129 (C.M.A. 1990). "The guarantee of trustworthiness of an excited utterance is that the statement was made while the declarant was still in a state of nervous excitement caused by a startling event." *United States v. Chandler*, 39 M.J. 119, 123 (C.M.A. 1994). Although a person is less likely to be influenced by the stress or excitement of the event as time passes, the lapse of time is not critical to the analysis. *United States v. Grant*, 38 M.J. 684, 691 (A.F.C.M.R. 1993). In evaluating the time lapse, we consider the age of the declarant, his physical and mental condition, the nature and circumstances of the event,

and the subject matter of the statements. *United States v. Fling*, 40 M.J. 847, 851 (A.F.C.M.R. 1994) (citing *United States v. Iron Shell*, 633 F.2d 77, 86 (8th Cir. 1980)).

In *United States v. Moolick,* our superior court held that a trial judge abused his discretion when he excluded part of an appellant's response to an accusation of rape. 53 M.J. 174, 176 (C.A.A.F. 2000). In that case, soon after a physical encounter, the alleged victim accused the appellant of raping her. The appellant responded, "You grabbed me first," then threw up his hands and said, "Call the cops." *Id.* The trial judge only allowed "Call the cops" as an excited utterance. *Id.* The Court of Appeals for the Armed Forces ruled that the startling event was the accusation of rape and that "You grabbed me first" should also have been admitted. *Id.* at 177.

Citing *Moolick*, the military judge in the present case held that Appellant's being accused of a serious crime caused him to make an excited utterance, but that soon thereafter his responses became "the product of reflection and deliberation." The military judge noted that the same accusation against the Appellant was alleged repeatedly during the 23-minute conversation. The military judge further noted that Appellant started to formulate other reasons why RT was accusing him of misconduct, which suggested his statements were no longer spontaneous. The military judge also ruled that the remainder of the pretext phone call was not admissible as a present sense impression, then existing mental state, or other hearsay exception.

In addressing this AOE, we adopt the case law and other legal authority cited above. In doing so, we find the military judge's conclusion that Appellant was no longer under the influence of a startling event after 60 seconds of conversation was not clearly erroneous. Likewise, we find the judge did not err in ruling that other hearsay exceptions did not apply. Moreover, even if the trial judge did err in not admitting some or all of the remaining pretext call, we find any error to have been harmless. The 60-second portion of the pretext phone call admitted by the military judge included Appellant's repeated and vehement denials that he ever abused the victim. We discern no harm to Appellant in the judge's declining to consider his repetition of those same denials during the remaining conversation.

## V. Discovery of Paralegal Notes

Appellant argues that the military judge erred when he refused to order disclosure of notes taken by a government paralegal during a pretrial interview of the victim. He claims he was entitled to the information under Article 46, UCMJ, 10 U.S.C. § 846, and *Brady v. Maryland*, 373 U.S. 83 (1963).[2]

---

[2] Appellant also sought to obtain the paralegal notes in question through a Motion for Appellate Discovery to this court. On 16 October 2015 we denied the motion. Appellant then moved that we reconsider our denial and, on 3 November 2015 we denied the Motion for Reconsideration.

We review a military judge's decision on a request for discovery for abuse of discretion—which occurs when his findings of fact are clearly erroneous, when he is incorrect about the applicable law, or when he improperly applies that law. *United States v. Roberts*, 59 M.J. 323, 326 (C.A.A.F. 2004). The right of an accused to obtain favorable evidence is established in Article 46, UCMJ. This article is implemented by R.C.M. 701 which details the rights and corresponding obligations of the parties in courts-martial. In *Roberts*, our superior court established a two-step analysis for claims of nondisclosure of evidence potentially favorable to the defense. We first determine whether the information or evidence at issue was subject to disclosure or discovery and, if so, we then test the effect of the nondisclosure on the appellant's trial. 59 M.J. at 325.

R.C.M. 701 envisions "liberal discovery practice" and places particular emphasis on the Government's duty to disclose information which is requested by the accused and is "material to the preparation of the defense." *Roberts*, 59 M.J. at 325; R.C.M. 701(a)(2)(A). R.C.M. 701(f) specifically declares, however, "Nothing in this rule shall require the disclosure or production of notes, memoranda, or similar working papers prepared by counsel and counsel's assistants and representatives." Our superior court has declared, "Even though liberal, discovery in the military does not 'justify unwarranted inquiries into the files and the mental impressions of an attorney.'" *United States v. Vanderwier*, 25 M.J. 263, 269 (C.M.A. 1987) (quoting *Hickman v. Taylor*, 329 U.S. 495, 510 (1947)).

Appellant's trial began on 18 June 2014. In preparing their case, government counsel interviewed the victim on 16 June 2014. Attending the interview was a government paralegal, Airman First Class (A1C) JB. Also attending was a civilian assigned to the base legal office and the Government's expert forensic psychologist. Only A1C JB took notes during the interview. At the end of the interview, Government trial counsel concluded that—based upon their "continuing discovery obligations"—statements made by the victim during that interview should be disclosed to the Defense. Later that night, the Government provided the Defense an updated list of discovery items, including a detailed description of statements made by the victim during her interview on 16 June 2014.[3] In response to a Defense request for further particulars regarding the victim

---

[3] Among other matters, trial counsel disclosed to the Defense that in "a pretrial interview with the government on 16 June 2014," the victim stated that

> Kevin forced her to view his exposed genitals in a bathroom stall contained within the girls' restroom at a restaurant; that the accused touched her vagina; that the accused forced her to touch his penis; that the accused's penis didn't taste like a popsicle, but tasted like hair; that the accused made her put her mouth on his penis and suck it; that it was so disgusting; that this happened more than once; that it happened in her bedroom as well; that Kevin made her keep her mouth on it; that she had to hold her breath; that stuff came out of his privates and it tasted like rotten butter, stinky shoes, and pee; that his pee was sticky and went into her mouth; that it happened more than once; that he peed all the way into her throat; that he made her get down on her knees; that the hair was hard, rough and very

interview, the Government's expert forensic psychologist met the following day, 17 June 2014, with the expert forensic psychologist for the Defense, and related all that she could remember from the interview. Citing attorney client privilege, however, the Government refused to provide the Defense copies of the notes taken by A1C JB.

The Defense moved at trial to compel the production of A1C JB's notes. In ruling upon the motion, the military judge made detailed findings of fact. He concluded that the Defense had failed to meet their burden of showing by a preponderance of the evidence that the production of A1C JB's notes—or in camera review of those notes—was warranted. We agree.

The record in this case suggests that the Government was diligent in providing discovery to the Defense. In addition the notice on 16 June 2014, on at least two prior occasions the Government provided the Defense notice of statements made by the victim. We find that the military judge's findings of fact were not clearly erroneous, that he was not incorrect about the applicable law, and that he did not improperly apply that law. *See Roberts*, 59 M.J. at 326. We find the trial judge properly applied the general rule that the "disclosure or production of notes . . . prepared by counsel and counsel's assistants and representatives" is not required. *See* R.C.M. 701(f). Agreeing with the judge's conclusion that the information at issue was not subject to disclosure or discovery, we need not test the effect of the nondisclosure on Appellant's trial. *See Roberts,* 59 M.J. at 325.

### VI. Evidence of Appellant's Interest in Oral Sex

Appellant claims the military judge erred in admitting evidence of his interest in oral sex. We review a military judge's decision to admit evidence for an abuse of discretion. *United States v. Solomon*, 72 M.J. 176, 179 (C.A.A.F. 2013). "The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. The challenged action must be arbitrary, fanciful, clearly unreasonable, or clearly erroneous." *Id*. (quoting *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010)).

The Prosecution called JB—mother of the victim and wife of Appellant—to testify at trial. During her testimony, Government counsel asked JB about Appellant's interest in oral sex. Defense counsel objected to this line of questioning on grounds of general relevancy. The military judge overruled to objection. JB then testified that Appellant wanted her to perform oral sex on him "all the time before we would engage in foreplay." JB testified that she did not provide as much oral sex as he wanted.

We find that the military judge did not abuse his discretion in overruling the Defense objection based upon relevance. On the unique facts of this case, the judge could have properly concluded that evidence of Appellant's dissatisfaction with the amount of oral sex

---

short; that it was scratchy; and the accused's privates looked about "this" long, referencing a stuffed bear's arm and a length of 5 to 6 inches.

in his marriage was relevant to the victim's claim that he sought oral sex from her. The judge's ruling was not "arbitrary, fanciful, clearly unreasonable, or clearly erroneous." *See Solomon*, 72 M.J. at 179.

Appellant also argues that JB's testimony was unduly prejudicial under Mil. R. Evid. 403 and improper character evidence under Mil. R. Evid. 404(b). Appellant did not raise these objections at trial.

"Where an appellant has not preserved an objection to evidence by making a timely objection, that error will be forfeited in the absence of plain error. A timely and specific objection is required so that the court is notified of a possible error, and so has an opportunity to correct the error and obviate the need for appeal." *United States v. Knapp*, 73 M.J. 33, 36 (C.A.A.F. 2014) (citations omitted). Under plain error review, Appellant has the burden of showing there was error, that the error was plain or obvious, and that the error materially prejudiced a substantial right of the appellant. *United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011). We find that Appellant has, in the present case failed to demonstrate error, plain or otherwise.

### *Conclusion*

The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court