# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman Basic CHASARE D. JACKSON
United States Air Force

## ACM 38431

## 10 October 2014

Sentence adjudged 14 May 2013 by GCM convened at Sheppard Air Force Base, Texas. Military Judge: J. Wesley Moore (sitting alone).

Approved Sentence: Dishonorable discharge and confinement for 3 years.

Appellate Counsel for the Appellant: Major Anthony D. Ortiz and Major Zaven T. Saroyan.

Appellate Counsel for the United States: Major Daniel J. Breen; Captain Collin F. Delaney; and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

PER CURIAM:

The appellant was convicted, contrary to his pleas, by a military judge sitting alone of sexual assault and burglary, in violation of Articles 120 and 129, UCMJ, 10 U.S.C. §§ 920, 929. The court sentenced him to a dishonorable discharge and to be confined for 3 years. The sentence was approved as adjudged.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the appellant argues the military judge erred by admitting, in the Government's case-in-chief, a general court-martial order (GCMO) reflecting his previous conviction for several offenses, including sexual assault.

*Background*

On 14 September 2012, at a general court-martial, the appellant was convicted of, among other offenses, engaging in sexual intercourse with a female Airman in August 2009 and digitally penetrating another female Airman in November 2011 while both women were substantially incapable of declining participation in the sexual acts.[1]

At this second court-martial, the appellant was charged with, among other offenses, engaging in sexual intercourse and digital penetration of a female Airman in September 2012 while she was incapable of consenting to the sexual acts due to her impairment, after he unlawfully broke into and entered her residence. He was convicted of the latter sexual assault offense, as well as burglary.

*Admission of the GCMO under Mil. R. Evid. 413*

At trial, the military judge, over defense objection, admitted the GCMO from the appellant's first court-martial, pursuant to Mil. R. Evid. 413. In making this ruling, the military judge conducted a balancing under Mil. R. Evid. 403 and concluded the danger of unfair prejudice was "extraordinarily low" and the probative value was not substantially outweighed by the danger of unfair prejudice. The appellant alleges the military judge erred in admitting this evidence.

Mil. R. Evid. 413(a) states that "[i]n a court-martial in which the accused is charged with an offense of sexual assault, evidence of the accused's commission of one or more offenses of sexual assault is admissible and may be considered for its bearing on any matter to which it is relevant." The appellant does not dispute that a sexual assault offense was charged in this case, that the proffered document is evidence of the commission of another offense of sexual assault, or that the evidence is relevant under Mil. R. Evid. 401 and 402. *See United States v. Solomon*, 72 M.J. 176, 179 (C.A.A.F. 2013). The only matter in dispute is whether the danger of unfair prejudice by admission of the GCMO substantially outweighs its probative value. *See Id.* at 179–80; Mil. R. Evid. 403.

We review a military judge's evidentiary rulings for an abuse of discretion. *United States v. Sullivan*, 42 M.J. 360, 363 (C.A.A.F. 1995); *United States v. Bailey*, 55 M.J. 38, 40 (C.A.A.F. 2001), and review any conclusions of law de novo, *United States v. Bare*, 63 M.J. 707, 710 (A.F. Ct. Crim. App. 2006) (quoting *United States v. Springer*, 58 M.J. 164, 167 (C.A.A.F.2003)). "The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. The challenged action must be arbitrary, fanciful, clearly unreasonable, or clearly erroneous."

---

[1] At his initial court-martial, the appellant was sentenced to a dishonorable discharge, confinement for 15 years, forfeiture of all pay and allowances, and a reprimand.

*United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010) (citation and internal quotation marks omitted).

In reviewing the probative value of propensity evidence under Mil. R. Evid. 413, we consider the following nonexclusive factors:

- "Strength of proof of prior act—conviction versus gossip;"
- "probative weight of the evidence;"
- "potential for less prejudicial evidence;"
- "distraction of factfinder;"
- "time needed for proof of prior conduct;"
- "temporal proximity;"
- "frequency of the acts;"
- "presence or lack of intervening circumstances; and"
- "relationship between the parties."

*See United States v. Wright*, 53 M.J. 476, 482 (C.A.A.F. 2000) (citations omitted).

Evaluation of the *Wright* factors reveals the military judge's finding that the GCMO had some probative value was well supported by the record. In this case, the GCMO represents a conviction for two instances of sexual assault with an incapacitated victim with whom the appellant had no previous sexual relationship. It is strong evidence of two offenses very similar to the offense charged. The five page order required very little time for the military judge to review and presented almost no risk of distraction. The sexual assault offenses reflected on the GCMO occurred in August 2009 and November 2011, both within three years and a day prior to the charged offense, which occurred in September 2012.

In determining unfair prejudice, we look to the risk that the evidence in question, despite its probative value, might be used improperly. In other words, whether "some concededly relevant evidence [might] lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *United States v. Collier*, 67 M.J. 347, 354 (C.A.A.F. 2009) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)) (internal quotation marks and emphasis omitted). This risk is generally lower in a judge alone trial than in a trial before members. *See United States v. Robbins*, 52 M.J. 455, 457 (C.A.A.F. 2000) (a military judge is presumed to know the law and apply it correctly, is presumed to be capable of filtering out inadmissible evidence, and is presumed not to have relied on such evidence on the question of guilt or innocence).

Moreover, the military judge in the case at hand was the same military judge who presided over the appellant's 2012 trial which resulted in the original GCMO. The risk of the GCMO "luring" him into relying upon information about the previous trial in a manner not appropriate under Mil. R. Evid. 413 was no greater than the risk associated

with his service at the previous trial itself.  Prior to approving the appellant's request for a trial by judge alone, the military judge covered these considerations with the appellant:

> MJ:   Have you discussed with your counsel the fact that I presided over your previous court-martial and considered that in deciding whether you wanted trial by military judge alone?
>
> ACC:  Yes, sir.
>
> MJ:   All right.  So even understanding that I presided over that prior court-martial, it's your desire that I determine your guilt or innocence, and if you're found guilty, then I determine a sentence in your case?
>
> ACC:  Yes, sir.

In a judge-alone trial where the military judge, with the knowledge and consent of the accused, served as the presiding judge at a previous trial and is therefore aware of the previous conviction and all of the evidence admitted at that trial, the risk of unfair prejudice from admitting the GCMO from that trial is low indeed.  We also note that the military judge acquitted the appellant of one of the charges at this second court-martial. The military judge did not abuse his discretion in admitting the prior GCMO.

### *Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred.  Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).  Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court