# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 COLE S. COVEY**
**United States Army, Appellant**

ARMY 20150688

Headquarters, Fort Campbell
Matthew A. Calarco, Military Judge
Colonel Susan K. Arnold, Staff Judge Advocate (pretrial)
Lieutenant Colonel Robert C. Insani, Acting Staff Judge Advocate (post-trial)

For Appellant:  Captain Joshua B. Fix, JA; Stephen Merrill, Esq. (on brief and reply brief).

For Appellee:  Lieutenant Colonel Eric K. Stafford, JA; Major Cormac M. Smith, JA; Captain Cassandra M. Resposo, JA (on brief).

21 September 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

SALUSSOLIA, Judge:

In this case we agree with appellant that our superior court's holding in *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016), is controlling in this case and requires this court to set aside the panel's findings of guilty and sentence.

A military panel of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his plea, of one specification of sexual assault, in violation of Article 120 of the Uniform Code of Military Justice, 10 U.S.C. § 920 (2012) [hereinafter UCMJ].[1]  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for eighteen months, forfeiture of $500 pay per month for eighteen months, and reduction to the grade of E-1.

---

[1] The panel acquitted appellant of four other sexual assault specifications.

We review this case under Article 66, UCMJ. Appellant assigned two errors; because of the relief we grant with respect to assignment of error regarding Military Rule of Evidence [hereinafter Mil. R. Evid] 413, we do not discuss the remaining assignment of error.

## BACKGROUND

The government charged appellant with sexually assaulting his spouse, SS, on multiple occasions during a month and a half period. At the close of evidence on findings, the military judge provided the panel with an instruction concerning the use of charged misconduct involving SS pursuant to Mil. R. Evid 413 as evidence of the appellant's propensity to commit other charged offenses against SS.

## LAW AND ANALYSIS

After appellant's court-martial, the Court of Appeals for the Armed Forces (CAAF) decided *Hills*, which addressed a military judge's propensity instruction pursuant to Mil. R. Evid. 413. There, the CAAF noted the use of charged misconduct and propensity evidence to prove other charged misconduct pursuant to Mil. R. Evid. 413 was improper. *Id*. at 356 ("It is antithetical to the presumption of innocence to suggest that conduct of which an accused is presumed innocent may be used to show a propensity to have committed other conduct of which he is presumed innocent."). The CAAF stated, "we cannot say that Appellant's right to a presumption of innocence and to be convicted only by proof beyond a reasonable doubt was not seriously muddled and compromised by the instructions as a whole." *Id*. at 357.

We review a military judge's decision to admit evidence under Mil. R. Evid. 413 for an abuse of discretion. *United States v. Solomon,* 72 M.J. 176, 179 (C.A.A.F. 2013). Whether a panel was properly instructed is a question of law we review de novo. *United States v. Ober*, 66 M.J. 393, 405 (C.A.A.F. 2008). If instructional error is found when there are constitutional dimensions at play, this court tests for prejudice under the standard of harmless beyond a reasonable doubt. *United States v. Wolford*, 62 M.J. 418, 420 (C.A.A.F. 2006). The inquiry for determining whether constitutional error is harmless beyond a reasonable doubt is whether, beyond a reasonable doubt, the error did not contribute to the defendant's conviction or sentence. *United States v. Kreutzer*, 61 M.J. 293, 298 (C.A.A.F. 2005). An error is not harmless beyond a reasonable doubt when there is a reasonable possibility the error complained of might have contributed to the conviction. *United States v. Moran*, 65 M.J. 178, 187 (C.A.A.F. 2007); *United States v. Chandler*, 74 M.J. 674, 685 (Army Ct. Crim. App. 2015).

Here, the military judge's propensity instructions were, in hindsight, improper in light of our superior court's decision in *Hills* and, therefore, created constitutional error.

COVEY—ARMY 20150688

Assessing the military judge's error, we find this case similar to *Hills*. The government's case included no corroborating physical evidence and primarily relied on testimony from only one eyewitness, the accuser. By finding appellant guilty of only one of the five specifications, the members rejected most of his accuser's allegations.

On the facts of this case, we are not convinced beyond a reasonable doubt the propensity instruction did not contribute to the findings of guilt, thus the findings and sentence cannot stand.

## CONCLUSION

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge CAMPANELLA and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3