# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 38875 (rem)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Corey J. CAMPBELL**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary
*On Remand from*
the United States Court of Appeals for the Armed Forces

Decided 13 December 2017

———————————

*Military Judge:* Shaun S. Speranza.

*Approved sentence:* Dishonorable discharge, confinement for 55 months, and reduction to E-1. Sentence adjudged 21 May 2015 by GCM convened at Wright-Patterson Air Force Base, Ohio.

*For Appellant:* Robert Feldmeier, Esquire; James Trieschmann, Esquire.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Major J. Ronald Steelman III, USAF.

Before DREW, JOHNSON, and MINK, *Appellate Military Judges*.

Chief Judge DREW delivered the opinion of the court, in which Senior Judge JOHNSON and Judge MINK joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

DREW, Chief Judge:

A military judge sitting as a general court-martial convicted Appellant, contrary to his pleas, of one specification of sexual assault by causing bodily harm in violation of Article 120(b)(1)(B), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920(b)(1)(B) (2012); two specifications of abusive sexual contact by causing bodily harm in violation of Article 120(d), UCMJ, 10 U.S.C. § 920(d) (2012);[1] one specification of adultery, in violation of Article 134, UCMJ, 10 U.S.C. § 934; and one specification of wrongfully providing alcohol to a minor, also in violation of Article 134, UCMJ, 10 U.S.C. § 934. The military judge sentenced Appellant to a dishonorable discharge, confinement for 55 months,[2] forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority deferred the adjudged forfeitures and the reduction in grade and waived the mandatory forfeitures in favor of Appellant's dependents until action, at which time he disapproved the adjudged forfeitures but otherwise approved the adjudged sentence.

In Appellant's initial appeal to this court, we affirmed the findings and sentence. *United States v. Campbell*, No. ACM 38875, 2017 CCA LEXIS 153 (A.F. Ct. Crim. App. 28 Feb. 2017) (unpub. op.) (*Campbell I*).[3] The United States Court of Appeals for the Armed Forces (CAAF) granted review on the issue of whether this court erred when we held that the military judge's use of charged conduct for propensity purposes was not constitutional error and did not test for prejudice using the harmless beyond a reasonable doubt standard. In *United States v. Campbell*, 76 M.J. 440 (C.A.A.F. 2017) (mem.) (*Campbell II*), CAAF granted the petition, set aside our prior decision, and

---

[1] The military judge acquitted Appellant of three additional specifications of abusive sexual contact, in violation of Article 120(d), UCMJ, 10 U.S.C. § 920(d) (2012).

[2] The military judge awarded Appellant with 31 days of credit for lawful civilian pretrial confinement, in accordance with *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984). *See United States v. Murray*, 43 M.J. 507, 513–15 (A.F. Ct. Crim. App. 1995).

[3] In his initial appeal, Appellant raised the following issues:

1. Whether the military judge improperly considered charged offenses for propensity to commit other charged offenses pursuant to Military Rule of Evidence (Mil. Rule Evid.) 413.

2. Whether his trial defense counsel were ineffective in the case-in-chief, during the sentencing phase, and during clemency.

3. Whether his conviction for providing alcohol to a minor was factually insufficient as to the terminal element of Article 134.

remanded the case to this court for further consideration in light of *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017).

The error raised by Appellant in this remand is *whether the military judge improperly considered charged offenses for propensity purposes under Mil. R. Evid. 413.*[4] We find that although the military judge erred, Appellant was not prejudiced by the error under the specific facts of this case, and we thus affirm his conviction and sentence.

## I. BACKGROUND

In the summer of 2014, Appellant went to a Cincinnati night club with his wife's family and friends. The group included Appellant's wife; his wife's 17-year-old sister, MH; and MH's 17-year-old female friend, AM. Both MH and AM attended high school at the time. At various times during the evening, Appellant sat at a table with his wife and AM. Several times during the evening, Appellant purchased alcoholic drinks for his wife and AM, which they both consumed. While Appellant's wife was over the legal drinking age of 21, AM was not.

During the evening, Appellant made flirtatious comments to AM, including "you look so good tonight" and "you're so sexy." Several times, Appellant, intending to gratify his sexual desire, rubbed AM's outer and inner thigh with his hand, moving his hand upward past the hem of her dress, without AM's consent. Each time, AM told Appellant to stop; he initially complied but later did it again. As the group was leaving the club, Appellant came up behind AM and without her consent grabbed her buttocks through her clothing with his hand. AM, appearing "surprised and frightened," immediately told MH that Appellant had grabbed her buttocks. Soon after, when AM entered the minivan the group was traveling in to return home, Appellant, who was already seated, pulled AM onto his lap and again rubbed her legs.

On 24 October 2014, Appellant attended a Halloween costume party at a private residence with his wife. His wife was dressed as a piñata and Appel-

---

[4] Appellant also attempts to re-raise, in slightly different form, an issue we previously considered in our prior decision, but that was neither further appealed by Appellant nor considered by CAAF: *whether this court must set aside and dismiss Additional Charge II when the Government offered no proof of the terminal element.* Assuming, without deciding, that the CAAF's order setting aside our previous decision rendered our earlier opinion a complete legal nullity, we have reconsidered and restate our holdings with respect to ineffective assistance of counsel and factual sufficiency of the evidence in order to ensure it is clear that Appellant received his full Article 66, UCMJ, 10 U.S.C. § 866, appellate review.

lant wore stereotypical Mexican attire and carried a "piñata stick." Appellant's sister-in-law, MH, also attended with another female high-school friend, KC. During the evening, Appellant repeatedly poked MH and KC in the buttocks with the piñata stick in a flirtatious manner.

Throughout the evening and into the early morning hours of 25 October, MH and KC consumed a number of alcoholic drinks, to the point that they both became intoxicated. MH in particular was feeling dizzy and nauseated and was having difficulty walking. First KC, then later MH, went into a spare bedroom to "sleep it off." Shortly after MH went into the bedroom where KC was, Appellant's wife left the residence with others to get food. While his wife was gone, Appellant entered the darkened bedroom where KC and MH were lying on a mattress. KC was not quite asleep but was lying on her side away from MH and remained still. MH was lying on her back, asleep or unconscious due to alcohol consumption. Appellant got on top of MH and said "is this okay?" but MH, who was in and out of consciousness, did not respond. MH awoke to find Appellant's penis inside her vagina. Appellant continued to engage in sexual intercourse until he ejaculated. Once he got off of MH, KC jumped up, started yelling "you just raped her!" and pushed Appellant out of the room.

Appellant ran out of the room and down the stairs to the basement. He turned around and went back up the stairs to the main floor, where he saw the owner of the house, a friend of his. Appellant, in an excited state, asked his friend if he had seen Appellant come up the stairs. His friend responded, "Yeah, I just saw you come upstairs." Appellant replied, "Well, I didn't do—I didn't do anything. You just saw me come upstairs." A short time later, Appellant's wife returned to the house. Around the same time, Appellant got into his van and drove away at a high rate of speed.

## II. DISCUSSION

Prior to trial, the Government provided timely notice that it intended to offer evidence of similar crimes committed by Appellant in a sexual offense case pursuant to Mil. R. Evid. 413. The Government also provided separate timely notice of its intent to also introduce evidence of other crimes, wrongs, or acts pursuant to Mil. R. Evid. 404(b). The Defense moved to exclude the Government's Mil. R. Evid. 413 evidence. The military judge, without benefit of CAAF's recent decisions in *United States v. Hills*, 75 M.J. 350, 352 (C.A.A.F. 2016), and *Hukill*, analyzed all of the proffered evidence, including employing the Mil. R. Evid. 403 balancing test, and ultimately ruled that the following evidence was admissible under the bases noted:

1. On or about 24–25 October 2014, Appellant repeatedly struck or poked the buttocks of KC and MH with a stick (*Mil. R. Evid. 401, 402, 404(b), 413*).

2. Between on or about 1 August 2014 and 20 October 2014, Appellant touched MH's breast through her clothing, without her consent (*charged sex offense[5] and Mil. R. Evid. 401, 402, 413*).

3. Between on or about 24 October 2014 and 25 October 2014, Appellant penetrated MH's vulva with his penis, without her consent (*charged sex offense and Mil. R. Evid. 401, 402, 413*).

4. Between on or about 1 July 2014 and 30 August 2014, Appellant touched AM's buttocks through her clothing with his hand, without her consent (*charged sex offense and Mil. R. Evid. 401, 402, 413*).

Appellant contends that the military judge erred in considering the charged sexual offense evidence (items 2–4 above) as Mil. R. Evid. 413 propensity evidence to support the convictions of the sexual assault and two abusive sexual contact offenses. We agree.

We review a military judge's decision to admit evidence for an abuse of discretion. *Hukill*, 76 M.J. at 221 (citing *United States v. Solomon*, 72 M.J. 176, 179 (C.A.A.F. 2013)). "The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. The challenged action must be arbitrary, fanciful, clearly unreasonable, or clearly erroneous." *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010). A military judge abuses his discretion when his findings of fact are clearly erroneous or if his decision is influenced by an erroneous view of the law. *United States v. Freeman*, 65 M.J. 451, 453 (C.A.A.F. 2008) (citing *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995)).

The meaning and scope of Mil. R. Evid. 413 is a question of law that we review de novo. *Hukill*, 76 M.J. at 221 (citing *Hills*, 75 M.J. at 354). There are three threshold requirements for admitting evidence of similar offenses in sexual offense cases under Mil R. Evid. 413: (1) the accused must be charged with a sexual offense, as defined by the rule; (2) the proffered evidence must be evidence of the accused's commission of another sexual offense; and (3) the evidence must be relevant under Mil R. Evid. 401 and 402. *United States v. Wright*, 53 M.J. 476, 482 (C.A.A.F. 2000). The military judge made detailed finding of facts, outlining the evidence presented on each specification. He ultimately found by a preponderance of the evidence that, for purpose of the

---

[5] The military judge acquitted Appellant of this offense.

motion only, the offenses occurred. He also conducted a detailed Mil. R. Evid. 403 balancing test prior to admitting the evidence, as required under *United States v. Berry*, 61 M.J. 91 (C.A.A.F. 2005). In making his ruling, the military judge clearly articulated that, as he was to be the finder of fact, his ruling concerned only the Mil. R. Evid. 413 motion. He noted for the record that, as the factfinder, he would evaluate the evidence on the merits, including the witness testimony, as it was presented. Additionally, he affirmatively stated that the Government would be required to prove each of the charged offenses beyond a reasonable doubt.

The Government concedes that, in light of *Hills* and *Hukill*, the military judge erred in permitting evidence of the charged sexual offenses to be used pursuant to Mil. R. Evid. 413.

> [T]he use of evidence of charged conduct as [Mil. R. Evid.] 413 propensity evidence for other charged conduct in the same case is error, regardless of the forum, the number of victims, or whether the events are connected. Whether considered by members or a military judge, evidence of a charged and contested offense, of which an accused is presumed innocent, cannot be used as propensity evidence in support of a companion charged offense.

*Hukill*, 76 M.J. at 222.

Although the military judge's ruling is understandable, coming as it did before the decisions in *Hills* and *Hukill*, we must "apply the clear law at the time of appeal, not the time of trial." *United States v. Mullins*, 69 M.J. 113, 116 (C.A.A.F. 2010) (citing *United States v. Harcrow*, 66 M.J. 154, 159 (C.A.A.F. 2008)).

The use of charged conduct evidence as Mil. R. Evid. 413 propensity evidence for other charged offenses creates constitutional concerns regardless of the forum. *Hukill*, 76 M.J. at 222. As such, the erroneous use of evidence must be tested for prejudice under the harmless beyond a reasonable doubt standard. *Id.* (citing *Chapman v. California*, 386 U.S. 18, 22–24 (1967)). The error is harmless beyond a reasonable doubt when the error did not contribute to the appellant's conviction or sentence. *Hills*, 75 M.J. at 357 (citation omitted). An error is not harmless beyond a reasonable doubt when there is a reasonable possibility that the error might have contributed to the conviction. *Id.* (citation omitted).

> To say that an error did not "contribute" to the ensuing verdict is not, of course, to say that the [factfinder] was totally unaware of that feature of the trial later held to have been erroneous. . . .

> To say that an error did not contribute to the verdict is, rather, to find that error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record.

*United States v. Othuru*, 65 M.J. 375, 377 (C.A.A.F. 2007) (citing *Yates v. Evatt*, 500 U.S. 391, 403 (1991), *overruled on other grounds by Estelle v. McGuire*, 502 U.S. 62, 72 n.4 (1991)) (omission in original).

The propensity evidence[6] played very little part in the Government's case or argument. The senior trial counsel did make a brief mention that Appellant "prior to this assault, demonstrated over a period of months, a desire, a willingness, and a brazen capacity to fondle teenage girls without their consent." This line of argument, while not particularly persuasive, does assert propensity. Much more persuasive was the Government's direct evidence of Appellant's acts, including the testimony of the victims and eye witnesses.

Military judges are presumed to know the law and to follow it, absent clear evidence to the contrary. *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997). This presumption includes the ability to maintain the presumption of innocence and to apply the appropriate burden of proof in assessing Appellant's guilt—issues "seriously muddled and compromised" by the instructions provided to court members in *Hills*, 75 M.J. at 357. Here, the military judge affirmatively stated on the record that he would hold the Prosecution to its burden to establish Appellant's guilt beyond a reasonable doubt, notwithstanding his erroneous ruling regarding the charged offense propensity evidence.

The evidence in this case was strong—so strong that much of it was not disputed by Appellant during his trial, including the critical fact that he had sexual intercourse with his teenaged sister-in-law during a night of heavy drinking. AM's testimony that Appellant had grabbed her buttocks and rubbed her inner thigh at the bar was significantly corroborated by her immediate report to MH and by MH's testimony that she saw Appellant in the van with AM on his lap and his hand on AM's leg. Where the evidence was less strong, specifically concerning Appellant's intent for the three other sexual contact offenses, the military judge determined that the Government did not overcome the presumption of innocence and acquitted him. Our review of

---

[6] The propensity evidence concerning the uncharged sexual offenses of repeatedly striking or poking the buttocks of KC and MH with a stick, which was not challenged by Appellant, was properly admitted under Mil. R. Evid. 413 as well as Mil. R. Evid. 404(b), as Appellant was not charged with those offenses at his court-martial.

the record convinces us that the propensity evidence was of marginal value and it did not have a substantial influence on the military judge's findings.

We are convinced that the military judge's error in considering the charged offense evidence for propensity purposes was unimportant in relation to everything else the military judge considered in finding Appellant guilty of the sexual assault and two abusive sexual contact offenses. We conclude that there is no reasonable possibility that the error might have contributed to Appellant's conviction for these offenses. Accordingly, we find that the error is harmless beyond a reasonable doubt.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

KATHLEEN M. POTTER
Acting Clerk of the Court