# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BROOKHART,[1] PENLAND, and MORRIS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist JORGE G. MARTINEZCOLON**
**United States Army, Appellant**

ARMY 20210071

Headquarters, III Corps and Fort Hood
Scott Z. Hughes, Military Judge
Colonel David E. Mendelson, Staff Judge Advocate

For Appellant: William E. Cassara, Esquire (argued); Major Christian E. DeLuke, JA; William E. Cassara, Esquire (on brief); Captain Tumentugs A. Armstrong, JA; William E. Cassara, Esquire (on reply brief).

For Appellee: Captain Cynthia A. Hunter, JA (argued); Colonel Christopher B. Burgess, JA; Major Mark A. Robinson, JA; Captain Cynthia A. Hunter, JA (on brief).

16 June 2023

---------------------------------
OPINION OF THE COURT
---------------------------------

PENLAND, Judge:

The military judge convicted appellant, contrary to his pleas, of five specifications of sexual assault, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 [UCMJ]. The military judge conditionally dismissed Specification 1 of Charge II as an unreasonable multiplication of charges.

---

[1] Senior Judge BROOKHART took final action in this case prior to his retirement.

Appellant was sentenced to confinement for four years,[2] reduction to E-1, and a dishonorable discharge.

Appellant alleges the military judge delivered an ambiguous guilty verdict for one of the specifications. He also alleges the military judge erred in allowing the government to present certain evidence under Mil. R. Evid. 413. Both issues warrant brief discussion; only the first warrants relief.

## LAW AND DISCUSSION

### A. Ambiguous Guilty Verdict

In Specification 1 of Charge I, the government alleged appellant sexually assaulted ███ "at or near Killeen, Texas, on one or more occasion [sic], between on or about 1 March 2019 and on or about 30 June 2019[.]" ███ trial testimony was vague, but she did indicate that appellant sexually assaulted her more than once at the place and time alleged. When he announced his findings, the military judge said of this specification: "Guilty, except the words 'or more' [-] of the excepted words not guilty."

This finding was ambiguous, containing words of conviction ("guilty") and of acquittal ("not guilty"), and squarely presenting us with the problem our superior court addressed in *United States v. Walters.* 58 M.J. 391, 395–396 (C.A.A.F. 2003). The military judge did not specify which of the multiple incidents formed the basis for his guilty finding. And, on the other hand, he did not specify which of them formed the basis for his not guilty finding. Unlike the facts in *United States v. Pasay*, ARMY 20140930, 2017 CCA LEXIS 268 (Army Ct. Crim. App. 19 April 2017), this record does not contain legally sufficient proof of *only one* particular incident. As a result, we are far from certain of the factual predicate that we must review for legal and factual sufficiency, and we are equally unsure how to avoid the risk of mistakenly affirming a guilty finding for alleged conduct that resulted in acquittal. Article 66(d)(1), UCMJ. Unable to reliably review the findings for the affected specification, we grant relief in our decretal paragraph.

### B. Military Rule of Evidence 413

Military Rule of Evidence 413 is a rule of inclusion. *United States v. Parker*, 2005 CCA LEXIS 340, at *11 (A.F. Cr. Crim. App. 18 Oct. 2005); *United States v.*

---

[2] The military judge sentenced appellant to one year of confinement—each to be served consecutively—for each of the remaining four specifications.

*Wilson*, 2018 CCA LEXIS 451, at *23 n. 41 (N.M. Ct. Crim. App. 20 September 2018).

It is well-settled that we review a military judge's decision whether to admit evidence for an abuse of discretion. *United States v. Solomon*, 72 M.J. 176, 179 (C.A.A.F. 2013); *United States v. Hills*, 75 M.J. 350, 354 (C.A.A.F. 2016); *United States v. Upshaw*, 81 M.J. 71, 74 (C.A.A.F. 2021). However, we address this topic to establish an additional principle regarding the scope of a military judge's consideration in deciding whether proffered Mil. R. Evid. 413 evidence is admissible. Before trial, the government sought permission to offer evidence of an uncharged sexual offense that appellant committed against SP. In a thorough ruling that was well within the bounds of reasonable discretion, the military judge allowed the evidence. On appeal, the parties seem to suggest in their briefs that, in making this interlocutory decision, the military judge should have considered SP's credibility. This issue prompts the precedential nature of our decision.

In *United States v. Huddleston*, 485 U.S. 681, 682 (1988), the Supreme Court of the United States (SCOTUS) considered a comparable issue concerning evidence under Federal Rule of Evidence 404(b). Analyzing the trial court's role concerning the preliminary question of admissibility, the SCOTUS stated:

> [P]etitioner's reading of Rule 404(b) as mandating a preliminary finding by the trial court that the act in question occurred not only superimposes a level of judicial oversight that is nowhere apparent from the language of that provision, but it is simply inconsistent with the legislative history behind Rule 404(b) . . . the Committee indicated that the trial court should assess such evidence under the usual rules for admissibility.

*Id.* at 688. The SCOTUS highlighted that "the usual rules for admissibility" in the context of limits on Federal Rule of Evidence 404(b), are "subject only to general strictures limiting admissibility such as Rule 402 and 403." *Id.* The Court further observed, "Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence." *Id.* at 688–89. Like SCOTUS and Federal Rule of Evidence 404(b), the Court of Appeals for the Armed Forces (CAAF) has explained how a trial judge should assess evidence offered under Mil. R. Evid. 413:

> [t]here are three threshold requirements for admitting evidence of similar offenses in sexual assault cases under Mil. R. Evid. 413 are: (1) the accused must be charged with an offense of sexual assault; (2) the proffered evidence must be evidence of the accused's commission of another offense of sexual assault;

3

and (3) the evidence must be relevant under [Mil. R. Evid.] 401 and [Mil. R. Evid.] 402.

*United States v. Solomon*, 72 M.J. 176, 179 (C.A.A.F. 2013). The threshold relevance requirement echoes the admissibility requirements of both Federal Rule of Evidence 404(b) and the corresponding Mil. R. Evid. 404(b). *See United States v. Diaz*, 59 M.J. 79, 93 ("'As the Supreme Court stated when speaking of Mil. R. Evid. 404(b)'s counterpart, Fed. R. Evid. 404(b) . . .' the proffered evidence must meet the standards of [Mil. R. Evid.] 104(b), 402, and 403.") (quoting *United States v. Humpherys*, 57 M.J. 83, 90–91 (C.A.A.F. 2002) (cleaned up). The preliminary question of relevance under Federal Rule of Evidence 404(b) and Mil. R. Evid. 404(b) is "dealt with under Federal Rule of Evidence 104(b)." *Huddleston*, 485 U.S. at 689. Central to our decision today,

> [i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence. The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence.

*Id*. at 690. It is well established that "Military Rule of Evidence 104 is based on the corresponding Federal Rule of Evidence." *United States v. Davis*, 65 M.J. 766, 770 n. 4 (Army Ct. Crim. App. 28 Sep. 2007); *See Manual for Courts-Martial*, United States (2016 ed.), Mil. R. Evid. 104 analysis at A22-3 ("Rule 104(a) is taken from the Federal Rule" and "Rule 104(b) is taken from the Federal Rule, with additional language: "A ruling on the sufficiency of evidence to support a finding of fulfillment of a conditional fact is the sole responsibility of the military judge.").

Today, we echo this principle in the context of Mil. R. Evid. 413; another panel of our colleagues have already done so in a nonbinding memorandum opinion: "All that is required is for the court to examine the evidence and decide 'whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence.'" *United States v. Deless*, ARMY MISC 20220317, 2022 CCA LEXIS 637, at *15 (Army Ct. Crim. App. 2 November 2022) (quoting *Huddleston*, 485 U.S. at 685). In addressing this preliminary question, we hold a military judge may not consider witness credibility in deciding whether associated Mil. R. Evid. 413 evidence is admissible.[3]

---

[3] Our superior court considered a comparable issue in *United States v. Banker*, 60 M.J. 216, 224 (C.A.A.F. 2004), concluding that a military judge may not consider

(continued . . .)

## CONCLUSION

The finding of guilty regarding Specification 1 of Charge I is SET ASIDE, and the associated specification is DISMISSED. The remaining findings of guilty are AFFIRMED. Only so much of the sentence as provides for confinement for three years, reduction to E-1, and a dishonorable discharge is approved. All rights, privileges, and property, of which appellant has been deprived by virtue of the findings and sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge BROOKHART and Judge MORRIS concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

---

(. . . continued)
witness credibility in deciding whether to admit evidence offered pursuant to Mil. R. Evid. 412. Just as this principle applies to an evidentiary rule of exclusion, it is logical and fitting to apply it to a rule of inclusion.