CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class AARON D. JESKO**
**United States Army, Appellant**

ARMY 20160439

Headquarters, Fort Knox
Matthew A. Calarco, Military Judge
Colonel E. Edmond Bowen, Jr., Staff Judge Advocate

For Appellant:  Brian A. Pristera, Esquire (argued); Captain Daniel C. Kim, JA; Brian A. Pristera, Esquire (on brief).

For Appellee:  Captain Marc B. Sawyer, JA (argued); Lieutenant Colonel Eric Stafford, JA; Major Michael E. Korte, JA; Captain Marc B. Sawyer, JA (on brief).

29 June 2018

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FLEMING, Judge:

In this case we hold the military judge erred by not advising appellant that the statute of limitations applied to his plea of guilty to aggravated sexual assault.  We also hold the military judge erroneously considered charged misconduct as propensity evidence under Military Rule of Evidence (Mil. R. Evid.) 413 as to several contested sexual offenses but, under the circumstances of this case, we find the error was harmless.

A military judge sitting as a general court-martial, convicted appellant, pursuant to his pleas, of one specification of aggravated sexual assault and one specification of assault consummated by battery in violation of Articles 120 and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 928 (2006 & 2012).  The military judge also convicted appellant, contrary to his pleas of two

specifications of rape, one specification of aggravated sexual assault, and two specifications of assault consummated by battery, in violation of Articles 120 and 128, UCMJ. The military judge sentenced appellant to a dishonorable discharge, confinement for eighteen years, forfeiture of all pay and allowances, and reduction to the grade of E-1. Pursuant to a pretrial agreement (PTA), the convening authority approved only so much of the adjudged sentence as provides for a dishonorable discharge, confinement for twelve years, total forfeitures, and reduction to the grade of E-1.

Appellant's case is before this court for review pursuant to Article 66, UMCJ.[1] Appellant asserts six assigned errors, three of which merit discussion, and one which merits relief. Appellant personally raises additional issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), which we find meritless.

## BACKGROUND

Appellant was born in 1964 and first enlisted on active duty with the Army in 1983. He subsequently entered the National Guard in 1986 and served on active duty status with the National Guard from 2007 until his trial. His court-martial revolved around events surrounding four women with whom he was romantically involved from 1998 until 2015.

Initially, appellant was charged with raping Air Force Master Sergeant (MSgt) DA, a woman he dated from 2008 until 2009. Appellant entered into a PTA with the government to plead guilty to the lesser-included offense of aggravated sexual assault. During the providence inquiry, appellant admitted to penetrating MSgt DA's vagina with his penis on or about 15 August 2008 while she was substantially incapable of declining participation. Neither the military judge nor the parties discussed whether the statute of limitations barred prosecution of the lesser-included offense of aggravated sexual assault when the summary court-martial officer failed to receive the sworn charges until 24 June 2015.

After appellant's providence inquiry, a contested trial ensued regarding numerous specifications involving KJ, appellant's spouse, from 2009 to 2015.[2] As to these contested KJ offenses, the military judge convicted appellant of two specifications of rape (Specifications 2 and 3 of Charge I), an aggravated sexual assault while KJ was substantially incapacitated in that she was asleep (Specification 4 of Charge I), and two specifications of an assault consummated by a battery. The military judge acquitted appellant of a sexual assault while KJ was substantially

---

[1] This court heard oral argument on 23 May 2018.

[2] Pursuant to the PTA, appellant also pleaded guilty to one specification of an assault consummated by a battery against KJ.

incapacitated in that she was asleep (Specification 5 of Charge I), a simple assault, and two specifications of assault consummated by a battery.

During the trial, the military judge considered uncharged and charged sexual offenses under Mil. R. Evid. 413 as propensity evidence for the four contested sexual offenses regarding KJ (Specifications 2-5 of Charge I).

The uncharged sexual offenses involved two of appellant's former spouses, RE and AS. AS, appellant's spouse from 1998 to 2001, testified appellant inserted his penis into her vagina while she was asleep without her consent on one occasion during their marriage. RE, appellant's spouse from 2001 to 2004, testified appellant inserted his penis into her vagina while she was asleep without her consent on more than one occasion and it "occurred throughout the marriage." The evidence did not establish AS, RE, and KJ were aware appellant committed sexual offenses against any of the other women.

While the government initially requested the military judge to consider the sexual offense involving MSgt DA for Mil. R. Evid. 413 propensity purposes, the parties agreed in the PTA that appellant's guilty plea to her aggravated sexual assault would not be used during the trial for propensity purposes. This agreement meant the only proffered charged misconduct propensity evidence involved the exact four sexual offense specifications involving KJ (Specifications 2-5 of Charge I) that were being contested. These contested sexual offenses involving KJ spanned from 2009 to 2014.

## LAW AND DISCUSSION

*Statute of Limitations*

"The applicable statute of limitations is a question of law, which we review de novo." *United States v. Mangahas*, 77 M.J. 220, 222 (C.A.A.F. 2018) (citing *United States v. Lopez de Victoria*, 66 M.J. 67, 73 (C.A.A.F. 2008); *United States v. Falk*, 50 M.J. 385, 390 (C.A.A.F. 1999)). "An accused is subject to the statute of limitations in force at the time of the offense." *Id.* (citing *Toussie v. United States*, 397 U.S. 112, 115 (1970)). The statute of limitations in effect at the time of appellant's offense involving MSgt DA was:

> (a) A person charged with . . . rape, or rape of a child, or with any offense punishable by death, may be tried and punished at any time without limitation.
>
> (b)(1) Except as otherwise provided in this section (article), a person charged with an offense is not liable to be tried by court-martial if the offense was committed more than five years before the receipt of sworn charges

and specifications by an officer exercising summary court-martial jurisdiction over the command.

UCMJ art. 43 (2008). *See* also Rule for Courts-Martial (R.C.M.) 403(a) Discussion (receipt of charges by the commander exercising summary court-martial jurisdiction "is important because it stops the running of the statute of limitations"). The statute of limitations for aggravated sexual assault with an alleged offense date of on or about 15 August 2008 was five years.[3]

The summary court-martial officer received appellant's sworn charges on 24 June 2015, almost seven years after the date of the charged offense. The statute of limitations clearly applied to appellant's plea of guilty to aggravated sexual assault but there is no discussion on the record by the military judge or the parties regarding the statute of limitations.

In *United States v. Thompson*, the Court of Criminal Appeals (CAAF) stated:

> [w]hen the evidence reasonably raises issues concerning a lesser-included offense or the statute of limitations, the military judge is charged with specific affirmative responsibilities. . . . The military judge has an affirmative obligation to advise an accused of the right to assert the statute of limitations, and must determine that any waiver of the statute of limitations bar is both knowing and voluntary.

59 M.J. 432, 439 (C.A.A.F. 2004) (internal citations omitted). Rules for Courts-Martial 907(b)(2)(B) also states a specification shall be dismissed upon motion if "[t]he statute of limitations (Article 43) has run, provided that, if it appears that the

---

[3] The elimination of a statute of limitation for the offense of sexual assault occurred when the 2014 National Defense Authorization Act (NDAA) was enacted on 26 December 2013. The elimination of the statute of limitations for the offense of sexual assault was explicitly not retroactive. *See* NDAA for Fiscal Year 2014, 113 P.L. 66 § 1703(c) (2013) ("The amendments made by this section shall take effect on the date of the enactment of this Act, and shall apply with respect to an offense covered by section 920(b) or 920b(b) of title 10, United States Code (article 120(b) or 120b(b) of the Uniform Code of Military Justice), that is committed on or after that date."). The offense appellant was originally charged with—rape—had no statute of limitations, either at the time of the alleged rape or now. While the further prosecution of aggravated sexual assault is barred by the statute of limitations, absent a knowing and voluntary waiver by appellant, a prosecution for rape, as originally charged, is not.

4

accused is unaware of the right to assert the statute of limitations in bar of trial, the military judge shall inform the accused of this right."

While waiver generally applies to alleged defects occurring in an unconditional guilty plea, we find the specific "affirmative responsibility" placed on the military judge by R.C.M 907(b)(2)(B) and *Thompson* places a statute of limitations defect into a narrow category of defects this court may review. *See United States v. Hardy*, 77 M.J. __, 2018 CAAF LEXIS 324 (C.A.A.F. 5 Jun. 2018). (holding an unconditional guilty plea waives all non-jurisdictional defects, but acknowledging CAAF has recognized some exceptions to this general principle). *See generally United States v. Ahern*, 76 M.J. 194, 197 (C.A.A.F. 2017) (ruling in most circumstances this court cannot review an alleged defect which an appellant waived by engaging in an unconditional guilty plea).

The government conceded in its brief "if appellant was unaware of the statute of limitations, [the] specification should be dismissed," but, nevertheless, asserts appellant's waiver was knowing and voluntary at trial because his defense counsel raised the defect during post-trial matters. We decline to presume appellant was advised about the statute of limitations prior to or during his trial based on post-trial actions by his counsel given that the record lacks any discussion or evidence regarding appellant's alleged waiver. Because the military judge failed to conduct his "affirmative obligation" to determine whether appellant knowingly and voluntarily waived the statute of limitations, as required by R.C.M 907(b)(2)(B) and *Thompson,* we can neither find appellant's waiver was knowing and voluntary nor affirm his conviction for aggravated sexual assault (Specification 1 of Charge I).

*Mil. R. Evid. 413 Uncharged Misconduct*

We review a military judge's ruling on the admissibility of uncharged misconduct under Mil. R. Evid. 413 for an abuse of discretion. *United States v. Solomon*, 72 M.J. 176, 179 (C.A.A.F. 2013). Before admitting evidence under Mil. R. Evid. 413, the judge must apply a three-pronged test: 1) whether the accused is charged with an offense of sexual assault within the meaning of Mil. R. Evid. 413(a); 2) whether the proffered evidence is evidence that the accused committed another offense of sexual assault; and, 3) whether the proffered evidence is relevant under Mil. R. Evid. 401 and 402. *United States v. Berry*, 61 M.J. 91, 95 (C.A.A.F. 2005) (citing *United States v. Wright*, 53 M.J. 476, 482 (C.A.A.F. 2000)). If the evidence meets the three-pronged test, the military judge must then apply the balancing test of Mil. R. Evid. 403 to determine whether its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members." *Id.*

> In conducting the [Mil. R. Evid.] 403 balancing test a
> military judge should consider the following factors: the

strength of the proof of the prior act; the probative weight of the evidence; the potential to present less prejudicial evidence; the possible distraction of the fact-finder; the time needed to prove the prior conduct; the temporal proximity of the prior event; the frequency of the acts; the presence of any intervening circumstances; and the relationship between the parties.

*Id*. (citation omitted).

Appellant asserts the military judge erroneously admitted uncharged misconduct regarding appellant's ex-spouses, AS and RE, because appellant's acts were "too attenuated" to the charged offenses involving KJ. Further, appellant asserts the military judge erred by considering the sexual offense against MSgt DA, which the parties later agreed was not admissible under Mil. R. Evid. 413 pursuant to the PTA, when he applied the *Wright* factors in his ruling.

The military judge issued a detailed written ruling fully addressing the *Wright* factors, including the probative weight and temporal proximity factors, regarding the sexual offenses involving appellant's three spouses, AS, RE, and KJ. The acts against AS and RE occurred while they were asleep and the specifications regarding KJ involved either force or her being asleep.

Defense argues the acts against AS and RE, while they were asleep, are not sufficiently relevant to the sexual offense specifications involving KJ and alleged force. Military Rule of Evidence 413 does not impose, and we do not adopt, such a narrow view. *See* Mil. R. Evid. 413(a) ("[T]he military judge may admit evidence that the accused committed any other sexual offense. The evidence may be considered on any matter to which it is relevant."). The military judge did not abuse his discretion by finding the probative weight of the evidence regarding the sexual offenses against AS, RE, and KJ "demonstrates a commonality in the manner in which the accused perpetrated sexual offenses" and a "similarity in the accused's alleged victims (women with whom . . . he had entered marriages)." The overriding, and highly probative pattern, is a husband who engages in nonconsensual sexual acts with his spouse.

As to defense's argument regarding temporal proximity, the first uncharged act occurred during AS's marriage to appellant (1998 to 2001), the next uncharged acts occurred during RE's marriage to appellant (2001 to 2004), and the first sexual offense involving KJ occurred in 2009. Even using the earliest date of 1998, appellant was an adult man in his early thirties who had been on active duty or with the National Guard for more than fifteen years. This is not a case about admitting juvenile acts as propensity evidence for adult offenses. *See Berry*, 61 M.J. at 94, 97 (reversing a Mil. R. Evid. 413 ruling admitting propensity sexual acts committed by

6

appellant at the age of thirteen).  This case involves comparing the acts of a man in his thirties and forties against three separate spouses.

Even if the military judge erroneously considered evidence of the sexual offense involving MSgt DA in 2008 to make his ruling, we do not find the temporal length so extreme between appellant's acts against AS and RE to his acts against KJ to warrant exclusion.  Even taking the longest possible length of time between acts, from 1998 (AS) until the first charged offense date of 2009 (KJ), a span of little over a decade, there were other multiple acts from 2001 to 2004 (RE) creating a time linkage between appellant's acts against AS and KJ.  We adopt the military judge's ruling that "[e]vidence showing that an accused has committed other, similar sexual offenses over a period of time naturally weighs more heavily on a scale of probative weight.  Such evidence tends more reliably to prove that such an accused has a natural inclination or tendency to commit such acts."

### Mil. R. Evid. 413 Charged Misconduct

After appellant's court-martial, the CAAF held it is constitutional error for a military judge, as a finder-of-fact, to use one charged offense of sexual misconduct as propensity evidence in assessing another charged offense of sexual misconduct. *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017); *see also United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016).  If instructional error is found when there are constitutional dimensions at play, this court tests for prejudice under the standard of harmless beyond a reasonable doubt.  *United States v. Wolford*, 62 M.J. 418, 420 (C.A.A.F. 2006).  The inquiry for determining whether constitutional error is harmless beyond a reasonable doubt is whether, beyond a reasonable doubt, the error did not contribute to the defendant's conviction or sentence.  *United States v. Kreutzer*, 61 M.J. 293, 298 (C.A.A.F. 2005).  An error is not harmless beyond a reasonable doubt when there is a reasonable possibility the error complained of might have contributed to the conviction.  *United States v. Moran*, 65 M.J. 178, 187 (C.A.A.F. 2007); *United States v. Chandler*, 74 M.J. 674, 685 (Army Ct. Crim. App. 2015).  "There are circumstances where the evidence is overwhelming, so we can rest assured that an erroneous propensity instruction did not contribute to the verdict by 'tipp[ing] the balance of the members' ultimate determination.'"  *United States v. Williams*, __ M.J. __, slip op. at *8 (C.A.A.F. 27 Jun. 2018) (quoting *Hills*, 75 M.J. at 358); *United States v. Guardado*, 77 M.J. 90, 94 (C.A.A.F. 2017) (quoting *Hills*, 75 M.J. at 358).

Initially, the issue whether the military judge actually considered the charged misconduct involving KJ for propensity purposes under Mil. R. Evid. 413 was challenged by the government.  There are several factors which convince this court that the military judge did consider the charged misconduct.

First, the government provided notice of its intent to use "propensity evidence for the charged offenses among themselves." The military judge issued a written ruling that: 1) noted the government's notice to use the charged misconduct involving KJ; 2) found "the evidence of the charged offenses . . . relevant and admissible as direct evidence of the [alleged] crimes;" and 3) held the government could offer evidence of the charged misconduct under Mil. R. Evid. 413. While we recognize a ruling allowing the government to offer evidence is different than a military judge affirmatively stating such evidence will be considered, the military judge clarified his ruling during the parties' closing argument. The military judge stated:

> [t]he court will remain cognizant of its [Mil. R. Evid. 413] ruling, and the reasons articulated therein to the specifications where that evidence is admissible . . . and [t]o say that propensity could allow the court to find someone guilty of something because the court believes they did some other uncharged misconduct; that is a step beyond what [Mil. R. Evid. 413] allows, *but for all other permissible uses, the court will consider the evidence*.

(emphasis added).

This clarification, combined with the military judge's written ruling, provides clear evidence of the military judge's intent to consider the charged misconduct involving KJ as propensity evidence for all the sexual offense specifications involving KJ (Specifications 2-5 of Charge I).[4] Finding the military judge's propensity usage of the charged sexual offenses involving KJ was erroneous, the issue becomes whether to affirm the findings of guilty as to Specifications 2-4 of Charge I.

While we find the charged misconduct was considered, a review of the entire record establishes this propensity evidence had minimal value to the government's case. The trial counsel did not once argue the propensity of the charged offenses during his closing or rebuttal argument but instead focused entirely on the propensity derived from the uncharged offenses. The government continuously asserted the probative weight of the uncharged sexual offenses was extremely high because of the similarity of appellant's nonconsensual sexual acts with his spouses

---

[4] This case is distinguishable from *United States v. Sanchez*, cited by the government, because the military judge issued a written ruling and orally clarified his ruling on the record. *United States v. Sanchez*, 2017 CCA LEXIS 470 (Army Ct. Crim. App. 17 Jul. 2017) (mem. op.) (finding where a military judge is silent the court will not presume he erroneously considered propensity evidence of charged misconduct).

and the lack of evidence that KJ, AS, and RE had any knowledge that appellant had committed similar sexual acts with the other women.

There was little, if any, additional testimony or evidence corroborating KJ's testimony regarding the sexual offenses against her.[5] The issue is whether this court can affirm a conviction based on a complaining witness' testimony and uncharged misconduct propensity evidence. After a review of the entire record, we are satisfied beyond a reasonable doubt that the military judge's erroneous consideration of the KJ offenses as propensity evidence against each other did not tip his ultimate determination to convict appellant of Specifications 2-4 of Charge I. *See Guardado*, 77 M.J. at 94.

First, after acknowledging the general principle that military judges are presumed to correctly apply the law, we highlight the clear and indisputable evidence from the record that the military judge appropriately considered the uncharged misconduct. During closing argument, the trial counsel stated "because [appellant] did it to these two women, [AS and RE] he clearly did it to [KJ] as well." The military judge then corrected the government stating "to the extent that Trial Counsel said that because [appellant] sexually assaulted [AS] and [RE], the court can find that [appellant] sexually assaulted [KJ], that is a step beyond the propensity evidence, as contemplated by Military Rule of Evidence 413, and the court will not consider that part of Trial Counsel's argument."

The overriding theme of our review of the record was the military judge found KJ credible, as we do, despite several credibility attacks mounted by appellant's trial defense counsel. We find the strength of KJ's testimony, combined with the military judge's appropriate and limited use of the uncharged misconduct, led to appellant's conviction.

As to the findings of guilty as to Specifications 2-4 of Charge I, we are convinced beyond a reasonable doubt that the military judge convicted appellant based on the strength of the permissible evidence alone and not the application of propensity evidence among the four separate sexual offenses involving KJ.

## CONCLUSION

Specification 1 of Charge I and Specification 8 of Charge II[6], to which appellant pled guilty, are SET ASIDE. The remaining findings of guilty are

---

[5] The government asserts appellant's daughter's testimony corroborated one of the sexual assault specifications, however, we find that evidence had little, if any, corroborative effect.

[6] Corrected.

AFFIRMED. A post-trial Article 39(a), UCMJ session is directed. Appellant may either: (1) comply with the terms of his PTA, thereby maintaining his sentence cap, by pleading guilty to the lesser-included offense of aggravated sexual assault (Specification 1 of Charge I)[7] and affirming his knowing and voluntarily waiver of the statute of limitations; or (2) reject his PTA in which case a finding rehearing as to Specification 1 of Charge I and Specification 8 of Charge II[8] is authorized.[9] If appellant rejects his PTA, a sentence rehearing as to all "affected charges and specifications" is directed subject to the sentence limitations of R.C.M. 810(d)(2). This case will be returned to the same or a different convening authority.

Senior Judge CAMPANELLA and Judge SALUSSOLIA concur.

FOR THE COURT:

JOHN P. TAITT
Acting Clerk of Court

---

[7] Appellant would also be required to plead guilty to Specification 8 of Charge II[8].

[8] Corrected.

[9] As to Specification 1 of Charge I, a finding rehearing is only authorized as to the offense of rape because the lesser-included offense of aggravated sexual assault would remain barred by the statute of limitations.